## Joint Status Report Pursuant to Rule 26(f)

Caption: <u>Yakoby et al. v. The Trustees of the University of Pennsylvania</u> _____

     Civil Action No: <u>2:23-cv-04789 (MSG)</u>

Basis of Jurisdiction: <u>28 USC 1331, 1343, 1367(a)</u> _____

Jury Trial: <u>  X  </u>    Non-Jury Trial: _____   Arbitration: _____

Plaintiff's counsel participating in the Rule 16 Conference: <u>Marc Kasowitz, Josh Roberts</u> _____

Defendant's counsel participating in the Rule 16 Conference: <u>Seth Waxman, Alan Schoenfeld,</u>

<u>David Gringer (pending the scheduling of the conference)</u>_____

Do counsel have full authority to settle at Rule 16 Conference? <u>Yes</u>_____

     If not, client with such authority who will attend conference: _____

When did the parties hold the Rule 26 Conference? <u>August 20, 2024</u>_____

When did the parties comply with Rule 26(a)'s duty of self-executing disclosure? <u>September 19,</u>

<u>2024</u>_____

Does either side expect to file a case-dispositive motion? <u>Yes</u>_____(yes/ no)

     If yes, under what Rule <u>FRCP 56</u> _____

     If yes, specify the issue <u>No material dispute; judgment as a matter of law</u> _____

     Proposed deadline for filing dispositive motions: <u>30 days after the close of all discovery</u> ___

Does either side anticipate the use of experts? <u>Yes</u> _____

     If yes, what is the proposed deadline for expert discovery? <u>10 weeks after the close of fact</u>

<u>discovery</u>_____ _____

Approximate date case should be trial-ready: <u>90 days following order denying summary judgment</u>

     Time for Plaintiff's case: <u>appx. 15 days</u>   Time for Defendant's case: <u>5 days</u> _____

Is a settlement conference likely to be helpful? <u>The parties are open to discussing a schedule for</u>

     <u>ADR. Plaintiffs are prepared to discuss ADR at any point. Penn asserts that the discussion</u>

     <u>should wait for a decision on the motion to dismiss and the close of pleadings.</u>   If so,

     when:

     Early _____ (yes/ no)      After Discovery <u>Yes</u>_____ (yes/ no)

What is the outcome of your discussions with your clients about proceeding before a Magistrate

Judge for final disposition? <u>The parties decline to proceed before a Magistrate Judge</u> _____

<u>Plan for Discovery</u>:

1.      The parties anticipate that discovery should be completed within  days. <u>Plaintiffs proposed 210 days following initial disclosures.  Penn has moved for a stay of discovery pending a decision on its motion to dismiss (Dkt. No. 50).  Further, Penn believes setting a deadline before the close of pleadings and a decision on the motion to dismiss is premature.  Penn maintains that its motion to dismiss is potentially dispositive of the case and the scope of discovery will depend on which claims, if any, remain pending after a decision on that motion.  Based on the current scope of the case as pled, Penn anticipates that 210 days will be insufficient.  Penn respectfully requests leave to submit a proposed schedule following a decision on the motion to dismiss. Plaintiffs have opposed Penn's motion to stay discovery (Dkt No. 54), and assert that Penn's motion to dismiss is not likely to eliminate the need for discovery or narrow its scope. Plaintiffs also assert that Penn's scope of discovery arguments do not constitute good cause for a stay, as there are other mechanisms available for the parties to narrow disputes. Plaintiffs request that the Court set a discovery schedule at its earliest convenience.    </u>

2.      What is the minimum amount of time necessary to complete discovery prior to an ADR session, should one be ordered or agreed to? <u>Plaintiffs are prepared to discuss ADR at any point. Penn is open to discussing ADR following a decision on the motion to dismiss and the close of pleadings.    </u>

3.      Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)? <u>Yes                    </u>

4.      Identify any other discovery issues which should be addressed at the Rule 16 Conference, including limitations on discovery, protective Orders needed, or other elements which should be included in a particularized discovery plan.  <u>The parties intend to negotiate a protective order to protect confidential information. Plaintiffs are willing to discuss appropriate discovery limits now.  Penn maintains that a decision on the motion to dismiss will clarify the issues in dispute and allow the parties to more efficiently discuss discovery limits to the extent the case moves forward.    </u>

5.   If you contend the discovery period should exceed 90 days, please state reason:
     <u>This is a complex federal civil rights matter and state law contract and consumer
     protection claim with multiple plaintiffs covering a relevant time period of more than one
     year.</u>

***This form should be filed on ECF***