UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EYAL YAKOBY, JORDAN DAVIS, NOAH RUBIN, and STUDENTS AGAINST ANTISEMITISM, INC.<br><br>      Plaintiffs,<br><br> v.<br><br>THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,<br><br>      Defendant. | No. 2:23-cv-04789 (MSG) |

### DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS CURIAE MEMORANDUM

  Months after briefing on Penn's motion to dismiss closed, non-party StandWithUs requested leave to file an amicus brief supporting Plaintiffs' opposition to that motion. The timing alone is extraordinary; StandWithUs offers no good reason for its delay in seeking to participate in this litigation, and it never once addresses why it had not sought leave earlier. The sparseness of StandWithUs's motion for leave is likewise extraordinary; despite the well-settled test that district courts in this Circuit have developed for granting or denying leave to file an *amicus* brief, StandWithUs never even tries to satisfy those factors. So, while Penn ordinarily would not oppose a motion for leave to file an amicus brief, it does so here.

  The decision whether to "accept or reject an *amicus* filing is entirely within the court's discretion." *Panzer v. Verde Energy USA, Inc.*, 2021 WL 2186422, at *1 (E.D. Pa. May 27, 2021) (quotation marks omitted). When deciding whether to grant or deny leave, district courts in this Circuit consider whether "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the

1

case." *Id.* (quotation marks omitted). "Courts in this district routinely deny *amicus* participation when it is unnecessary and the interests of the *amicus* are adequately protected in the case." *Id.* (collecting cases).

None of the four factors district courts consider is satisfied here.

**StandWithUs has no special interest in this litigation.** StandWithUs has not shown (and cannot show) that it has "the type of particularized 'special interest' favoring the grant of amicus status." *Dobson Mills Apartments, L.P. v. City of Philadelphia*, 2022 WL 558348, at *1 (E.D. Pa. Feb. 23, 2022); *Land v. Delaware River Basin Comm'n*, 2016 WL 7256945, at *2 (M.D. Pa. Dec. 15, 2016) ("[I]t is the movants burden to demonstrate that it has a 'particularized kind of special interest.'"). For purposes of the first factor, it is not enough that an amicus show "a generalized interest" in the subject matter or outcome of the litigation, which is all StandWithUs claims here. *Id.*; *see also Panzer*, 2021 WL 2186422, at *2 ("Public Justice has at most shown a generalized interest in preserving access to justice through class actions, which is insufficient to justify its participation in this case."); *Sciotto*, 70 F. Supp. 2d at 555 ("[T]he Trust is merely a trade association with a generalized interest in all cases related to school district liability and insurance. This is not the kind of special interest that warrants amicus status.").

That StandWithUs purports to "challenge[] antisemitism through legal action in cases similar to the one before the Court" or that its "activities will likely be affected by the outcome of this matter," ECF No. 60 ¶¶ 3-4, cannot possibly satisfy the particularized special interest standard. The same was true of Public Justice in *Panzer*—a "public interest law firm focused on fighting corporate misconduct" that claimed an interest "in arbitration and class action procedures, particularly in ensuring that mandatory arbitration does not unjustly impede access to the courts." *Panzer*, 2021 WL 2186422, at *2. The same was also true of the Trust in *Sciotto*—a "trade

association" whose interest was generalized to "all cases related to school district liability and insurance." *Sciotto*, 70 F. Supp. 2d at 555. StandWithUs's generalized interest in cases "challeng[ing] antisemitism" (ECF No. 60) is no different.

***Plaintiffs have competent representation, and StandWithUs's interests are already represented in the litigation.*** StandWithUs's interests are already represented in this litigation by Plaintiffs' counsel. StandWithUs does not contend—nor could it—that Plaintiffs' counsel is "not qualified to represent its asserted interest." *Dobson*, 2022 WL 558348, at *2; *see also Goldberg v. City of Philadelphia*, 1994 WL 369875, at *1 (E.D. Pa. July 14, 1994) ("If the court feels that the parties are adequately represented so that amicus participation is neither necessary nor helpful, it should deny amicus curiae participation.").

In any case, StandWithUs's repetition of the same arguments Plaintiffs have made in their oppositions to Penn's motion to dismiss and motion to stay discovery (ECF Nos. 42, 54) illustrates that Plaintiffs are already representing StandWithUs's claimed interests. Like Plaintiffs, StandWithUs argues the Court should allow jurisdictional discovery (ECF No. 60-2 at 3), that the case is ripe for adjudication (*id.* at 6), and that Penn has been deliberately indifferent because it has not disciplined students enough, its administrators tolerated protests and demonstrations related to events in Israel and Gaza, and it selectively enforces rules to avoid protecting Jewish students from harassment (*id.* at 7-15). "District courts in the Third Circuit have denied amicus status where the proffered arguments repeat those already submitted by the parties' counsel or the petitioner's interests are otherwise adequately represented in the litigation." *Panzer*, 2021 WL 2186422, at *2 (collecting cases).

***The proposed amicus filing is months too late and redundant.*** Denial of leave is further justified because StandWithUs's motion seeks to relitigate the arguments the parties made in their

3

briefing on Penn's motion to dismiss, which closed months ago. District courts often use the appellate rules' seven-day benchmark to assess the timeliness of amicus filings, recognizing that that period "'is long enough to permit an amicus to review the completed brief of the party being supported and avoid repetitious argument … [and] is short enough that no adjustment need be made in the opposing party's briefing schedule,'" and "[t]he concerns of necessity and timelines which undergird the rule [are] no less important in the district court than in the court of appeals." *Abu-Jamal v. Horn*, 2000 WL 1100784, at *5 (E.D. Pa. Aug. 7, 2000) (quoting Fed. R. App. P. 29(e) Adv. Comm. Notes to 1998 Amend.).

Nor is there any basis to claim that the congressional report attached to StandWithUs's memorandum renders the proposed amicus filing any more timely or useful. For one, Plaintiffs had already filed the report as supplemental authority by the time StandWithUs filed its motion. *See* ECF No. 59, 59-1. StandWithUs' memorandum cites the same passages of the report that Plaintiffs highlighted in their supplemental filing. *Id.* (pointing the Court to pages "1, 3, 64-67, 114, 118-120, and 121" of the report); ECF No. 60-2 at 8-12, 14-15 (citing pages 3, 64-65, 67, 118-120 of the report). All their memorandum adds to these citations are the same legal arguments that Plaintiffs made in their opposition to the motion to dismiss, arguments which Plaintiffs could not repeat with respect to the congressional report because briefing closed months ago.

**StandWithUs admits that it is not impartial.** To the extent the fourth factor holds any weight, it also favors denial. Courts routinely consider a petitioner's partiality when weighing whether to grant leave to file an amicus brief at the district court level. In *Goldberg v. City of Philadelphia*, the court observed that "[w]hen an organization seeking to appear as amicus curiae is perceived to be an advocate for one of the parties to the litigation, leave to appear amicus curiae should be denied." 1994 WL 369875, at *1 (E.D. Pa. July 14, 1994). And in *Sciotto*, the court

observed that while the "partiality of amici is not dispositive, it is 'a factor to consider in deciding whether to allow participation.'" *Sciotto*, 70 F. Supp. 2d at 556 (citation omitted).

StandWithUs does not claim to be impartial, and its submission proves it is not. Indeed, StandWithUs claims it brings cases "similar to the one before the Court," ECF 60 at 2, and is in fact the plaintiff in a similar lawsuit against MIT, *see* ECF No. 47-1. Furthermore, its proposed memorandum reads like a party brief, asserting on Plaintiffs' behalf that jurisdictional discovery should be allowed (ECF No. 60-2 at 3) and calling expressly for denial of Penn's motion to dismiss (*id.* at 3, 15).

\*   \*   \*

StandWithUs's proposed memorandum "provides no insight or benefit that [Plaintiffs'] counsel has not already provided," and StandWithUs "has failed to demonstrate a special interest in this case or that it is impartial." *Panzer*, 2021 WL 2186422, at \*1. This Court should deny StandByUs's motion for leave to file its amicus memorandum. *Id.*

Dated: November 27, 2024               Respectfully submitted,

                                       */s/ David Gringer*
                                       David Gringer (*pro hac vice*)
                                       Alan Schoenfeld (*pro hac vice*)
                                       WILMER CUTLER PICKERING
                                         HALE AND DORR LLP
                                       7 World Trade Center
                                       250 Greenwich Street
                                       New York, NY 10007
                                       Telephone: (212) 230-8864
                                       Facsimile: (212) 230-8888
                                       david.gringer@wilmerhale.com
                                       alan.schoenfeld@wilmerhale.com

                                       Seth P. Waxman (*pro hac vice*)
                                       WILMER CUTLER PICKERING

Hale and Dorr llp
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
seth.waxman@wilmerhale.com

Sean V. Burke
Jason Gerard Canavan
Office of General Counsel
University of Pennsylvania
FMC Tower at Cira Centre South
2929 Walnut Street, Suite 400
Philadelphia, PA 19104-5099
Telephone: (215) 746-5200
Facsimile: (215) 746-5222

*Attorneys for Defendant the Trustees of the University of Pennsylvania*

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on November 27, 2024, a true and correct copy of the foregoing was filed electronically through the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: November 27, 2024                                                         Respectfully submitted,

                                                                                                        */s/ David Gringer*
                                                                                                        David Gringer