IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EYAL YAKOBY, JORDAN DAVIS, NOAH RUBIN,** and **STUDENTS AGAINST ANTISEMITISM, INC.,** : : : : | : | **CIVIL ACTION** |
| *Plaintiffs,* | : : | |
| v. | : : | No. 2:23-cv-04789 |
| **THE TRUSTEES OF THE UNIVERSITY OF PENNSLYVANIA,** | : : : : : | |
| *Defendant.* | : : | |

# ORDER

    **AND NOW**, this 3rd day of January, 2025, upon consideration of Defendant's Motion to Stay Discovery (ECF No. 50), Plaintiffs' Response in opposition (ECF No. 54), and Defendant's Reply Memorandum (ECF No. 57), I find the following:

    1.    Defendant seeks to stay discovery until I rule on Defendant's Motion to Dismiss in this case. Defendant notes that its motion seeks complete dismissal of all claims such that any discovery would be futile. Defendant further asserts that, even if its motion to dismiss is granted only in part, both the case and discovery will be significantly narrowed. (Def.'s Mot. Stay Disc., at 1, ECF No. 50). Plaintiffs oppose Defendant's motion to stay discovery on the grounds that the motion to dismiss will not succeed and they would therefore suffer undue prejudice from a stay. (Pl.'s Mem. of L. in Opp. to Def.'s Mot. to Stay Disc., at 2, 7).

    2.    District courts may impose a stay of discovery upon a showing of good cause. Fed. R. Civ. P. 26(c); In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 365 (3d Cir. 2001)

(finding that district court did not abuse its discretion in its decision to stay discovery where the plaintiffs' proposed discovery was aimed at supporting claims that fell outside the court's jurisdiction).

3. Although courts should not automatically stay discovery because a party has filed a motion to dismiss, "a stay is proper where the likelihood that the motion to dismiss may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the stay." Pfizer v. Johnson & Johnson, No. 17-cv-4180, 2018 WL 1071932, at *2–*3 (E.D. Pa. Feb. 27, 2018) (quoting 19th St. Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 349 (E.D. Pa. 2000). Thus, "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." Mann v. Brenner, 375 F. App'x 232, 239–40 (3d Cir. 2010) (holding that "the District Court did not abuse its discretion in staying discovery pending resolution of the motions to dismiss").

4. District courts "should carefully balance the relative benefit and harm that would ensue to each party from the grant or denial of a stay." Pfizer, 2018 WL 1071932, at *1 (quoting 19th St. Baptist Church, 190 F.R.D. at 349). In so doing, a number of factors may properly be considered, including: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete or a trial date has been set." Akishev v. Kapustin, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (internal quotations and citations omitted). And "additional considerations" may "arise depending upon the circumstances for which the movant requests a stay." Id. When considering a stay pending a dispositive motion, for example, courts "consider whether the pending dispositive motion 'appear[s] to have substantial grounds or, stated

another way, do[es] not appear to be without foundation in law.'"  Id. (quoting Actelion Pharm. Ltd. v. Apotex Inc., No. 12-5743, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013) (internal quotations and citations omitted)).

5.      Defendant here urges the consideration of additional factors, including "the convenience of the court in the management of its cases, . . . the efficient use of judicial resources," and "the interests of persons not parties to the action," including the public.  (Def.'s Mot. Stay Disc., at 5).  It also argues discovery should be stayed because its motion to dismiss raises several jurisdictional arguments that would dispose of or significantly narrow the claims and/or issues subject to discovery, and submits that Plaintiffs' discovery requests are overly burdensome, especially those requests that may be subject to additional safeguards under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA").  (Id. at 4).

6.      In response, Plaintiffs argue that Defendant's Motion to Stay Discovery should be denied because "[s]tudents, faculty, administrators, and staff with relevant information may move on from Penn, lose documents, move away from the jurisdiction, or forget with the passage of time, making it more difficult for Plaintiffs to prove their case if discovery were delayed."  (Pl.'s Mem. of L. in Opp. to Def.'s Mot. to Stay Disc., at 18).  They also claim Defendant is unlikely to succeed in having this case dismissed, Defendant's concerns regarding the scope of discovery do not justify a stay, and the public and nonparties' interests weigh against granting a stay because "litigating the civil rights violations here will benefit other Jewish community members at Penn and all victims of protected class-based discrimination and harassment at Penn and other colleges."  (Id. at 1–3, 19).

7.      I conclude that Plaintiffs will not be unduly prejudiced by a brief delay pending a decision on Defendant's Motion to Dismiss.  Both parties and the court have an interest in avoiding

3

discovery disputes based on potentially moot issues that can be reduced or eliminated by a ruling on Defendant's Motion to Dismiss. I therefore find good cause has been shown to stay discovery pending the outcome of the Motion to Dismiss.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Stay Discovery is **GRANTED.**

BY THE COURT:

*/s/  Mitchell S. Goldberg*

**Mitchell S. Goldberg,      J.**